NO. 07-12-00127-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 19, 2012

_____

IN RE PREFERRED BEEF, RELATOR

_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator, Preferred Beef Group, has filed a petition for writ of mandamus seeking relief from a third-party discovery order issued in a criminal case[1] by respondent, the Honorable Steven R. Emmert.  We will deny the petition.

In the trial court, Debra Massingham is charged with fraudulent use or possession of identifying information.[2]  Her counsel obtained a subpoena duces tecum requiring relator to produce certain employment records for a number of its employees.  Relator filed a motion to quash the subpoena which the trial court denied.  Here, relator challenges that order.

Mandamus is appropriate in a criminal matter if the relator meets two requirements.  First, it must show it lacks an adequate remedy at law such as by

_____

[1] *State v. Massingham,* No. 1217 (31st Dist. Ct., Lipscomb County, Tex.).

[2] Tex. Penal Code Ann. § 32.51 (West 2011).

ordinary appeal. *Dickens v. Court of Appeals,* 727 S.W.2d 542, 550 (Tex.Crim.App. 1987) (orig. proceeding). Second, it must show the action it seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana,* 236 S.W.3d 207, 210 (Tex.Crim.App. 2007) (orig. proceeding). A relator's petition will be denied if it fails to establish both requirements. *Id.* The second requirement is satisfied by showing the relator has "*a clear* right to the relief sought"; that is, "when the facts and circumstances dictate but one rational decision under unequivocal, well-settled (i.e., from extant statutory, constitutional, or case law sources), and clearly controlling legal principles." *Id.* (emphasis in original) (quoting *Buntion v. Harmon,* 827 S.W.2d 945, 947, 948 n.2 (Tex.Crim.App. 1992)).

For this discussion, we accept relator's apparent assumption that it has satisfied the first requirement for mandamus.[3] However, we find relator's petition does not satisfy the second requirement, by demonstrating that the only rational conclusion the trial court could have reached under the facts and circumstances presented was to quash

---

[3] Earlier this year in *State v. Massingham,* No. 07-11-0482-CR, 2012 Tex. App. Lexis 84, at *2 (Tex.App.--Amarillo January 5, 2012, no pet.) (mem. op.) (not designated for publication), we dismissed, for want of jurisdiction, relator's attempted interlocutory appeal of the trial court's order now challenged by mandamus. Moreover, relator has no standing to challenge an adverse pretrial discovery ruling through an ordinary appeal after final disposition of the criminal proceeding. *See* Tex. Code Crim. Proc. Ann. Chapter 44 (West 2006 & Supp. 2011); Tex. R. App. P. 25.2(a); *Dickens,* 727 S.W.2d at 550 (citing *Tex. Bd. of Pardons & Paroles v. Miller,* 590 S.W.2d 142, 143 (Tex.Crim.App. 1979) (orig. proceeding) (third-party aggrieved by adverse pretrial discovery ruling has no adequate remedy beyond mandamus because it has no right of ordinary appeal)).

the subpoena. Among the several reasons the petition fails is the absence of any proof of the "facts and circumstances presented" to the trial court. Appellate rule 52.7(a)(2) specifies that a relator must file with the petition "a properly authenticated transcript of any relevant testimony from an underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." Tex. R. App. P. 52.7(a)(2). From relator's petition, we cannot determine whether the order complained of followed an evidentiary hearing, and if so, what evidence the court heard.

We note also the petition contains a narrative of factual statements, but is missing the certification required by appellate rule 52.3(j). Tex. R. App. P. 52.3(j). Relator relies on three documents attached to the petition but none are sworn or certified as required by appellate rule 52.7(a). Tex. R. App. P. 52.7(a).

For these reasons, relator's petition for writ of mandamus is denied.


Per Curiam


Do not publish.


3